UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



ISOM COOPER,

    Petitioner,

    v.

UNITED STATES PAROLE
COMMISSION et al.,

DISTRICT OF COLUMBIA
BOARD OF PAROLE

    Respondents.

Civil Action 02-0657(HHK)

## RESPONSE TO UNITED STATES
## MOTION TO TRANSFER

Now comes Isom Cooper pro se, in response to the United States motion to transfer petitioner cooper's petition for a writ of habeas corpus to the United States district court for the Northern District of Georgia. Petitioner Cooper moves this court to retain this writ of habeas corpus in the United States District Court for the District of Columbia. In support of this motion, Petitioner Cooper submits the following:

### ARGUMENT

This search for the proper "Custodian" is not merely unproductive, it is not required by law. There has never existed in this circuit an absolute requirement that a habeas action be bought in the

location of the "immediate custodian" see <u>Eisel v. Secretary of Army 477 F2d 1261</u>.

In habeas corpus proceedings the Court recognizes they do not always require the physical presence of the petitioner and even when petitioner is required to be present for a hearing countervailing considerations nevertheless militate in favor of the sentencing state. The applicable court records and witnesses whose presence is likely to be required at a hearing are found in the sentencing state. Petitioner cooper's quarrel is not with the present custodian but with the officials of the jurisdiction which determines his release ((namely the united States Parole Commission and distrct of Columbia Board of Parole 1987 guideline application). Whose main offices are located in Chevy Chase, Maryland closer to the proximity of the District of Columbia.

The relative conviences of the parties witnesses is a factor of particular importance in deciding motions of transfer. <u>See Chang 903 F. Supp at 164</u> (("The most critical factor to examine under 28 U.S.C. 1404((a) is the convience of the witnesses.") <u>See Deloach v. Phillp Morris Co. Inc. 132 F. supp 2d 22,26 ((D.P.C. 2000) at 903 F.Supp 161 [5,8,9,] 1995.</u>

If inmate is able to show that testimony by members of the Board of parole or District of Columbia officials or staff will be necessary such as to show whether national regulation or policy

had discriminatory motivations (see exhibit 4 addendum, in habeas corpus) and maintenance of cause for mandamus or declaratory relief for habeas corpus. District of Columbia would facilitate production of that testimony, such factors may dictate retention of the action rather than transfer to place of inmates confinement. See Starnes v. McGuire 512 F2d 918 [24],[25],[26] 28 USCA 1361 1404(a). It would be a request of petitioner Cooper to have witness validate the procedures used in the evaluation of his parole hearing. See Gemological Institute of America v. THI-DAI PHAN 145 F. Supp. 2d 68 [2] (D.D.C. 2001).

In Braden, the court employed practical considerations in determining where a issue should lie. It is in the District of Columbia where all of the materialevents took place (initial crime, sentencing, parole hearing and parole decision) that the records and witnesses pertinent to petitioner's claim are likely to be found. And that forum is presumably no less convient for the District of Columbia than for the petitioner. The expense and risk of transporting the petitioner to the district of Columbia should his presence at a hearing prove necessary would in all likelyhood be out-weighed by the difficulties of transporting records and witnesses from the District of Columbia to the Northern District of Georgia where petitioner is confined. Indeed it would appear simpler and less expensive for the District of Columbia to litigate such. See Braden v. 30th Judicial Circuit Court of Kent 410 U.S. 484,93.

Petitioner Cooper therefore believes that it is in the exercise of your honors statatory discrection to retain, litigate and rule on this motion and habeas corpus petition which is before this Court in the district court for the District of Columbia.

Braden teaches that habeas jurisdiction is not limited to the district where the individual is incarcerated. That is to say by virtue of Bradens holding it can no longer by maintained that a Federal Court outside the district of incarceration lacks subject matter jurisdiction over a habeas claim. See Chatman-bey v. Thornburgh 864 F2d 811.

"Delay is undesirable in all aspects of our justice system." See Chatman-bey at 814.

## CONCLUSION

For the above reasons, Petioners motion should remain in the District court for the District of Columbia.

Respectfully Submitted

ISOM COOPER 10297-007

4

I Hereby Certify that a copy of the instant motion has been served by mail, this 17th day of July, 2002 upon:

Daniel M. Cisin
Assistant United States Attorney
555 4th Street N.W.
Special Proceedings Section
Washington D.C. 205301

*[signature]*

5